## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ALEXANDER STROSS** | : | |
| | : | |
| | : | **CIVIL ACTION #   1:15-cv-347** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **JURY DEMANDED** |
| **STUDIO4KITCHENS, INC. d/b/a** | : | |
| **LEICHT USA and SHIMON GARIBI** | : | |
| | : | |
| **Defendant** | : | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Alexander Stross respectfully alleges as follows for his complaint against Defendants Studio4Kitchens, Inc. d/b/a Leicht USA and Shimon Garibi.

### PARTIES

1.     Plaintiff Alexander Stross ("Plaintiff" or "Stross") is a resident of Austin, Texas.

2.     Defendant Studio4Kitchens, Inc. d/b/a Leicht USA ("Defendant") is a Maryland corporation which a registered principal office at 6905 Breezewood Terrace, Rockville, Maryland, 20852, and an advertised California office at 9481 Irvine Center Drive, Irvine, California, 92618.  According to records filed with the Maryland Secretary of State, Defendant may be served with process through its registered agent, Shimon Garibi at 6905 Breezewood Terrace, Rockville, Maryland, 20852; however, upon information and belief, Garibi resides in California and may be served at 52 Honeyrose, Irvine, CA 92620 and/or the California offices of Studio4Kitchens at 9481 Irvine Center Drive, Irvine, California, 92618.

3.      Upon information and belief, Defendant Shimon Garibi is an individual living in Irvine, California and may be served with process at 52 Honeyrose, Irvine, CA 92620 and/or the California offices of Studio4Kitchens at 9481 Irvine Center Drive, Irvine, California, 92618.

## NATURE OF THE CLAIMS

4.      This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.* and violations of the Digital Millennium Copyright Act ("DMCA"), arising in connection with the unauthorized commercial exploitation of fourteen (14) of Plaintiff's federally registered architectural photographs; with supplemental state law claims for tortious interference and business disparagement.

## JURISDICTION and VENUE

5.      This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 USC § 1367(a).

6.      The Court has personal jurisdiction over the Defendants because they either conduct business here in Texas; or, alternatively, because (a) Defendants have availed themselves of the forum, (b) Plaintiff's claims arise out of or result from their forum related activities, and (c) the exercise of jurisdiction is reasonable.  In connection, Defendants have purposefully availed themselves of the privileges and benefits of conducting business in this jurisdiction through their extensive, substantial, long-term, systematic, and consistent ties with this jurisdiction, including significant sales in the Austin, Texas area, the presence of a Leicht showroom in Austin, Texas, Defendant

Garibi's participation in the design of said showroom, and Defendant Garibi's role as the national sales director for Leicht, in which capacity it is believed that he supplies all Leicht products sold through the Austin, Texas showroom. *See, e.g., Temperature Sys., Inc. v. Bill Pepper, Inc.,* 854 S.W.2d 669 (Tex. App. 1993).  In addition to the foregoing, Defendants corresponded with Plaintiff - in Texas - regarding the use of his copyrighted works, and upon information and belief, expressly aimed intentional tortious activity into Texas by surreptitiously obtaining hi-resolution copies of Plaintiff's copyrighted works from one or more individuals in Austin, Texas and using them to market products sold within the Austin, Texas area - knowing that Plaintiff would be harmed in Texas. *See, e.g., Hartman v. Bago Luma Collections, Inc.,* 2004 U.S. Dist. LEXIS 8264, 16 (W.D. Tex. Apr. 27, 2004) (jurisdiction was proper where defendants participated in the commission of the intentional tort of copyright infringement against a forum resident).

7.     Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1400 because a substantial portion of the events giving rise to this suit occurred in this District, a substantial part of the property at issue is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

8.     All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

9.     Plaintiff is a highly regarded architectural photographer who has worked with some of the most respected names in Central Texas real estate, including Dick Clark Architecture, Wilson Goldrick Realtors, Gottesman Residential, John Luce Builder, and Fleetwood USA.  Licensed uses of his works have appeared in publications such as

*Luxury Home Magazine, Luxe, Refine* and *New Home Guide*; as well as appearing on billboards, online advertising, and the like. In addition, Plaintiff regularly licenses his works to vendors and manufacturers like Defendant for marketing and advertising purposes.

10. Upon information and belief, Defendant Studio4Kitchens, Inc. d/b/a Leicht USA (hereinafter "S4K") is the exclusive U.S. distributor for Leicht Kuchen AG ("Leicht"), a German company manufacturing high-end kitchen cabinets and other products. Upon information and belief, S4K owns and operates a website with the domain names "www.studio4kitchens.com" and  "www.leichtusa.com" (the "Website"), which it uses to advertise and solicit Leicht products. Upon further information and belief, Shimon Garibi ("Garibi"), is the founder and owner of S4K, and national sales director for Leicht.

11. On or about January 2, 2015, Plaintiff forwarded Garibi a proof sheet containing fourteen (14) "low-resolution" photographs of a home located in Austin, Texas known as the "Waterfall House" - with an offer to license them to S4K for promotional and marketing purposes. Garibi responded the same day – stating that he would speak with his marketing team, and keep Plaintiff informed of any interest. However, Garibi did not keep Plaintiff informed. Instead, he (or someone else on the Defendants' behalf) surreptitiously sourced hi-resolution versions of the photographs (hereinafter, the "Photographs" or "Works"), and used them as marketing materials on the Studio4Kitchens/Leicht USA Website without requesting or obtaining a license. *See* **Exhibit A**.

4

12.     To make matters worse, Defendants combined Plaintiff's Photographs with those of another photographer, Brian Mihealsick, and falsely credited all of the photographs to Mr. Mihealsick. *Id*.  Defendants' false attribution of Plaintiff's Works to Mr. Mihealsick appears to have been an attempt to avoid detection for their unauthorized use of same.

13.     On February 26, 2015, Plaintiff sent a confidential settlement communication to Garibi - providing notice of copyright infringement, and an offer to compromise the claim.  Rather than responding to Plaintiff, Garibi contacted John Luce - the builder of the Waterfall House - and upon information and belief, disparaged Plaintiff by suggesting that he had filed suit against Leicht, that his claims were groundless, and that Mr. Luce might be sued next.  As a direct result of those communications, Plaintiff's business relationship with Mr. Luce appears to have been irreparably damaged.

14.     Unfortunately, this is not the first time that Leicht's U.S. distributors have been involved in the infringement of Plaintiff's copyrights.  In early 2013, Plaintiff learned that Arete Kitchen - Leicht USA's Austin, Texas distributor - was using one of his photographs in its marketing materials without Plaintiff's authorization.  The unauthorized uses in question included prominent display of the photograph on Arete's website, in its social media (including Facebook, Houzz, Google+) and on video monitors within Arete's retail store.  *See* **Exhibit B**.  Plaintiff confronted Arete owner Tom Wilkinson at an event sponsored by *Luxe Magazine* and advised him that he needed to obtain a negotiated license in order to lawfully use the photograph.  Plaintiff gave Mr. Wilkinson his card, and Mr. Wilkinson assured him that he would call to make arrangements.  Wilkinson never followed-through on the promise, and continues to use

Plaintiff's photograph to this day in all of the aforementioned media - often as the primary image.

15.    Plaintiff now files this complaint for copyright infringement, contributory copyright infringement and violation of the DMCA.

**COUNT I:**
**COPYRIGHT INFRINGEMENT**

16.    Plaintiff realleges and incorporates herein the foregoing paragraphs.

17.    By its actions alleged above, Defendant S4K has infringed Plaintiff's federally registered copyrights.[1]  Specifically, by copying, distributing and/or displaying the Photographs on the Website, S4K has infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and is liable therefore.

18.    Upon information and belief, Shimon Garibi is the dominant influence in S4K, and determined and/or directed the policies which led to the infringements complained of herein.   Accordingly, Garibi is jointly and severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984).

19.    Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their actions constituted copyright infringement; and/or because they acted with reckless disregard of Plaintiff's copyrights.

20.    As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; and/or statutory damages of up to $150,000 per work infringed,

---

[1] *See* **Exhibit C** (Copy of registration certificate VA1-932-505 covering the Works).

plus attorney's fees and costs of court, for which Defendant is liable. 17 U.S.C. §§ 504, 505.

## COUNT II
### VICARIOUS COPYRIGHT INFRINGEMENT

21.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

22.     By their actions alleged above, Defendants have vicariously infringed Plaintiff's copyrights.   Upon information and belief, in their role as exclusive U.S. distributors for Leicht, Defendants had the right and/or ability to supervise and/or control Leicht's U.S. advertising activities – including its unlawful use of Plaintiff's photographs. Upon further information and belief, Defendants derived profits directly from those infringing activities, and have therefore committed vicarious infringement.

23.     Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their actions constituted copyright infringement; and/or because they acted with reckless disregard of Plaintiff's copyrights.

24.     As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court, for which Defendant is liable. 17 U.S.C. §§ 504, 505.

## COUNT III
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

25.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

26.     By their actions alleged above, Defendants have contributorily infringed Plaintiff's copyrights.   Upon information and belief, Defendants induced, caused and/or

materially contributed to Leicht's infringing conduct by, *inter alia*, designing, selecting, approving, overseeing and facilitating the on-line marketing and advertisement of Leicht's products on the S4K website, and the use of Plaintiff's content therein.

27.     Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their actions constituted copyright infringement; and/or because they acted with reckless disregard of Plaintiff's copyrights.

28.     As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; and/or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court, for which Defendant is liable. 17 U.S.C. §§ 504, 505.

## COUNT IV:
### FALSE COPYRIGHT MANAGEMENT INFORMATION

29.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

30.     By its actions alleged above, Defendants have violated Section 1202 of the Digital Millennium Copyright Act by falsely crediting Plaintiff's copyrighted works to another photographer.  Upon information and belief, Defendants' actions were committed knowingly, and with the intent to induce, enable, facilitate and/or conceal infringement.

31.     As a result of the foregoing, Plaintiff is entitled to actual damages plus the profits of Defendants; or in the alternative, statutory damages for each violation in an amount no less than $2,500 and no more than $25,000, plus costs and attorney's fees. 17 U.S.C. § 1203(b)(4), (5) & (c).

<u>COUNT V</u>:
**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS**

32.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

33.     Plaintiff enjoyed an ongoing business relationship with builder John Luce, having photographed several of his properties - including the Waterfall House in Austin, Texas.   Defendants knew of Plaintiff's business relationship with Mr. Luce and intentionally interfered with the relationship by contacting Mr. Luce shortly after receiving Plaintiff's notice of infringement, and upon information and belief - suggesting to Mr. Luce that Plaintiff had filed suit against Leicht, that his claims were groundless, and that Mr. Luce might be sued next.  Defendants' actions were independently tortious inasmuch as they constituted, *inter alia*,  business disparagement and copyright infringement.  Defendants' interference proximately caused injury to Plaintiff, including loss of future business with Mr. Luce and damage to Plaintiff's reputation.

34.     Defendants' actions described above were wanton, malicious, and carried-out with the specific intent to cause substantial injury, rendering appropriate the award of punitive damages.

<u>COUNT V</u>:
**BUSINESS DISPARAGEMENT**

35.     Plaintiff realleges and incorporates herein the foregoing paragraphs.

36.     Upon information and belief, Defendants published disparaging oral statements about Plaintiff's photography business including, without limitation, that Plaintiff had initiated a groundless lawsuit for copyright infringement, and that Mr. Luce might be sued next.  The statements were false since, *inter alia*,  Plaintiff had <u>not</u> initiated any lawsuits at the time that Defendants contacted Mr. Luce, and had no intention of

suing Mr. Luce - who was a valid licensee of the photographs in question.  Upon information and belief, Defendants published the statements in question with malice - in an attempt to embarrass Plaintiff and cause him to forego his legal right to sue Defendants for their unauthorized and unlicensed use of his photographs.  The statements in question were without privilege, and caused injury to Plaintiff, resulting in special damages.  At the time that Defendants disparaged Plaintiff to Mr. Luce, Plaintiff was in discussions to photograph two of Mr. Luce's homes.  Upon information and belief, Plaintiff lost both jobs as a result of Defendants' actions.

37.    Defendants' actions described above were wanton, malicious, and carried-out with the specific intent to cause substantial injury, rendering appropriate the award of punitive damages.

### JURY DEMAND

38.    Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### PRAYER

Plaintiff prays for:

A.    An order that Defendant and all persons under its direction, control, permission or authority be enjoined and permanently restrained from exploiting the Works;

B.    For each Work infringed, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C.    For each violation of the Digital Millennium Copyright Act, an award of statutory damages under 17 U.S.C. § 1203(c);

D.    Judgment for actual and consequential damages within the jurisdictional limits of this Court;

E.    An award of exemplary damages;

F.    An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4) & (5);

G.    Prejudgment and post-judgment interest on any damage award as permitted by law; and

H.    Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 29th Day of April 2015.

**LAW OFFICE OF BUCK MCKINNEY, PC**


/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
P.O. Box 6231
Austin, Texas  78762-6231
Telephone:  512/236-0150
Fax:  512/444-1879
ATTORNEY FOR PLAINTIFF ALEXANDER STROSS